United States District Court
Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

RODRIC PETRECE STANLEY, JR.,

Case No. 22-cv-09129-JD

Plaintiff,

8

9

v.

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 15

10

ELIZABETH HOLLANDBERRY, et al.,

11

Defendants.

12

13

Rodric Stanley, a detainee, filed a pro se civil rights action under 42 U.S.C. § 1983 and

14

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA").

15

Defendants filed a motion to dismiss arguing that his claims are barred by res judicata, and the

16

allegations fail to state a claim for relief.  Plaintiff filed an opposition and defendants filed a

17

reply.[1]  The complaint is dismissed.

18

**Background**

19

**Amended Complaint**

20

Plaintiff states that while in county jail in September and October 2022, defendant Dr.

21

Hollandberry denied him a cane, egg crates and a medical mattress despite an injured knee, back

22

and shoulder.[2]  Amended Complaint, Dkt. No. 10 at 1-2, 7-11.  Plaintiff slept on a thin mattress

23

and walked long distances without a cane.  *Id*. at 1-3.  Defendant also declined to increase

24

plaintiff's pain medication.  *Id*. at 1-2.  Plaintiff alleges that he was denied a disability cell and

25

shower and was unable to bathe as a result.  *Id*. at 4.

26

27

28

[1] Plaintiff was provided an opportunity to file a supplemental opposition concerning res judicata and the other arguments in the motion to dismiss, but did not address these issues.  Dkt. Nos. 22, 23.
[2] Dr. Hollandberry has not yet appeared in this action.

United States District Court
Northern District of California

1    Plaintiff says that defendant Sergeant Kellogg retaliated against plaintiff for filing

2   grievances by keeping him in solitary confinement in the D Module at the jail and taking his

3   medical equipment. *Id*. at 3.  Plaintiff also says defendant Kellogg's actions violated the ADA and

4   denied him proper medical treatment.  *Id*.  Plaintiff commenced this federal action on December

5   28, 2022.  Dkt. No. 1.  The Court ordered service on claims of denial of medical care and violation

6   of the ADA by both defendants and retaliation by Kellogg.  Dkt. No. 11.

7    **State Case**

8    In September 2022, plaintiff filed a motion in his criminal case about the conditions in the

9   county jail, and in October 2022, filed a state habeas petition about the conditions.  Request for

10   Judicial Notice ("RJD"), Exs. A-C.[3]  The Superior Court of Contra Costa County ordered

11   defendants to respond to plaintiff's allegations in both filings.  *Id*. at Ex. D at 1.  Plaintiff alleged

12   that he had been unlawfully housed in D Module at the jail and that that he was housed in

13   conditions unfit for his medical needs and that he was deprived of medically prescribed supplies.

14   *Id*.

15    Defendants filed a response describing plaintiff's medical care and housing conditions and

16   included declarations and exhibits.  RJD, Exs. E-G.  In a reasoned opinion the superior court

17   denied the habeas petition on the merits.  *Id*., Ex. I.  The superior court found that plaintiff was not

18   housed in D Module for any improper reason and that defendant Kellogg did not retaliate against

19   him.  *Id*. at 6-7 of 10.  The superior court also described plaintiff's medical care, pain medication

20   and medical appliances and held that defendants had not violated the law.  *Id*. at 8 of 10.  The

21   superior court found that plaintiff had been constantly evaluated by medical staff including 25

22   consultations from September 2022 to February 2023 and eight direct evaluations by medical

23   staff.  *Id*.  He also received several MRI scans, was being provided pain medication and the

24   medical appliances were properly discontinued.  *Id*.

25

26

27

28   ---
[3] The Court takes judicial notice of the public records (Dkt. No. 16).  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

1  **Legal Standard**

2      Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, federal courts must give the

3  same preclusive effect to state court judgments, including "reasoned" habeas judgments, as the

4  rendering state court would.  *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1230-31 (9th Cir.

5  2014) (*citing Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).  In California,

6  "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the

7  same parties [or parties in privity with them] (3) after a final judgment on the merits in the first

8  suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015) (citing *Mycogen Corp. v.*

9  *Monsanto Co.*, 28 Cal. 4th 888 (2002)).

10      California courts will hold that two suits involve the same cause of action when they

11  involve the same "primary right." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009).  Under

12  this theory "a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding

13  'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that

14  duty." *Mycogen*, 28 Cal. 4th at 904.  "The most salient characteristic of a primary right is that it is

15  indivisible: the violation of a single primary right gives rise to but a single cause of action." *Id.*

16  Thus, in California, "if two actions involve the same injury to the plaintiff and the same wrong by

17  the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads

18  different theories of recovery, seeks different forms of relief and/or adds new facts supporting

19  recovery." *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 734

20  (9th Cir. 2009) (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170 (1983)).  "The critical

21  focus of primary rights analysis is the harm suffered." *Brodheim*, 584 F.3d at 1268.

22  **Discussion**

23      As currently presented in the complaint, plaintiff seeks to relitigate the same primary rights

24  violations rejected by the state court.  The injuries and deprivations are the same, the defendants

25  are the same, and the time period is the same.  Dr. Hollandberry, Sergeant Kellogg and Contra

26  Costa County Sheriff Livingston are the defendants in this federal action, although plaintiff

27  presents no specific allegations against Sheriff Livingston.  Plaintiff identified numerous

28  individuals in his state action.  RJD, A-C.  He specifically identified Dr. Hollandberry and

United States District Court
Northern District of California

3

1   Sergeant Kellogg (RJD, Ex. A at 10. Ex. H at 18-19) and made general allegations about the

2   management of the jail (RJD, Ex. A at 1).  Plaintiff also included various exhibits identifying Dr.

3   Hollandberry and Kellogg.  RJD, Ex. H at 68-71, 75.  This establishes that both cases involve the

4   same parties.  *See San Diego Police Officers' Ass'n,* 568 F.3d at 734.  To the extent that Sheriff

5   Livingston was not specifically identified in the first case, privity exists.  "[P]rivity requires the

6   sharing of 'an identity or community of interest,' with "adequate representation' of that interest in

7   the first suit, and circumstances such that the nonparty 'should reasonably have expected to be

8   bound' by the first suit."  *DKN Holdings LLC*, 61 Cal. 4th at 826 (citation omitted).  As sheriff of

9   the county and responsible for the jail, he is bound by the first suit.

10         Res judicata bars plaintiff's claims in this action.  This federal case involves the same

11   cause of action between the same parties as the state case which concluded with a final judgment

12   on the merits.  While plaintiff did not bring an ADA claim in the state case, the ADA claim

13   involves the same allegations and facts from the state case.  The ADA claim is barred because the

14   same primary right was at stake even though plaintiff now pleads a different theory of recovery.

15   *See San Diego Police Officers' Ass'n* at 734.

16         **Unserved defendant**

17         The United States Marshall served the other defendants and Dr. Hollandberry at the Contra

18   Costa County Administration building.  Dkt. No. 14.  County counsel appeared for Kellogg and

19   Livingston, but it is not clear from the record if Dr. Hollandberry ever received service.  Yet, a

20   motion to dismiss may be granted by the Court sua sponte in favor of a nonappearing party on the

21   basis of facts presented by other defendants who have appeared. *See Silverton v. Dep't of*

22   *Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding district court on its own motion may grant

23   motion to dismiss as to defendants who have not moved to dismiss where such defendants are in a

24   position similar to that of moving defendants); *Fazio v. Washington Mutual Bank, F.A.*, 713 F.

25   App'x. 671, 672 (9th Cir. 2018) (same) (unpublished).  The claims against Dr. Hollandberry are

26   barred and this case is dismissed in its entirety.

27

28

**United States District Court**
**Northern District of California**

1    **Conclusion**

2        Defendants' motion to dismiss (Dkt. No. 15) is granted and all defendants are dismissed

3    from this action.[4]  The Clerk is requested to close this case.

4        **IT IS SO ORDERED.**

5    Dated: February 2, 2024

6

7                                                                    _____

8                                                                    JAMES DONATO
                                                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] Because the claims are barred, the Court will not address defendants' arguments that the allegations fail to state a claim for relief.